IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ARTHUR JOYNER                                                                         PETITIONER

VS.                              CASE NO. 5:06CV00168 WRW/HDY

LARRY NORRIS, Director of the
Arkansas Department of Correction                                      RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>    Clerk, United States District Court
>    Eastern District of Arkansas
>    600 West Capitol Avenue, Suite 402
>    Little Rock, AR 72201-3325

## DISPOSITION

Now before the Court is the application for writ of habeas corpus pursuant to 28 U.S.C. §2254 of Arthur Joyner, an inmate in the custody of the Arkansas Department of Correction (ADC). Mr. Joyner was found guilty of aggravated robbery, theft of property, and fleeing following a January 17, 2003 bench trial in Circuit Court of Pulaski County. Petitioner was sentenced to a total of 120 months of imprisonment. Mr. Joyner did not file a timely appeal of his convictions. On November 9, 2004, he filed a motion for a belated appeal in the Arkansas Supreme Court. The motion was denied on January 6, 2005. A motion for reconsideration was filed and this motion was denied on February 3, 2005. In July of 2005 the petitioner filed a state habeas corpus petition in the Circuit Court of Lincoln County, Arkansas. The petition was dismissed on August 15, 2005.

In September of 2005 Mr. Joyner filed a federal habeas corpus petition with this Court. He subsequently moved to dismiss the petition without prejudice, and this request was granted and judgment to this effect was entered on February 2, 2006. Mr. Joyner returned to state court in May of 2006, filing a motion on the Clerk of the Arkansas Supreme Court to file a petition for certiorari. This motion was denied on May 25, 2006. The current petition was filed on June 28, 2006.

In the petition now before the Court, the following grounds for relief are advanced:

1. Violation of the Sixth Amendment of the United States Constitution; and
2. Violation of the Fourteenth Amendment of the United States Constitution.

Respondent contends that the statute of limitations bars consideration of this petition.

Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent contends that the statute of limitation expired before Mr. Joyner filed his initial post-conviction petition. The respondent notes that petitioner was convicted on July 25, 2003, and filed his motion for belated appeal on November 9, 2004, well after one year had expired. The respondent urges that the petitioner's failure to act is fatal to this action. The Court, by earlier Order, notified the petitioner that dismissal for failure to timely file the action was possible, and further notified the petitioner of his opportunity to explain why the petition should not be dismissed. Mr. Joyner has filed a responsive pleading.

In his pleading (docket entry no. 11), Mr. Joyner states that he asked his trial attorneys to file a direct appeal but they failed to do so. "After I was sentenced I asked my lawyers to appeal my case July 17, 2003. I waited (14) or (15) months thinkin my lawyers had appealed my case to the Court of Appeals. When I found out that my lawyers did not appeal my case, I put in a Belated Appeal. I only have a 9th ninth education so it took me a little longer than adverage to understand what was going on with the Constitution and what appeal to put in Court to get my case heard." (Docket entry

no. 11. page 5).[1]

The petition should be dismissed as barred by the statute of limitations. Petitioner's judgment became final when he was convicted on July 25, 2003. Under subsection (d) of the pertinent statute, petitioner was required to file his habeas petition within one year of that date. Mr. Joyner signed his petition in June of 2006. Obviously, the petitioner failed by a large margin to file a timely petition.

We note that subsection (d)(2) of section 2244 excludes from the calculation the time during which a properly filed application for state postconviction or other collateral review is pending. In Mr. Joyner's case, this subsection is of no avail for three reasons: one, he did not file a Rule 37 petition; two, his July 2005 filing of a state habeas corpus action, even if we presume this to be a properly filed postconviction petition, was filed about one year after the time had elapsed; and three, the motion for belated appeal, filed in November of 2004, was filed several months after the one year period had passed. *See, Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (limitation period is not tolled by state court proceedings filed after the limitation period has expired.)  Hence, no time should be excluded when calculating the limitation period.

The only issue remaining is whether the one-year time period was somehow tolled. In *Calderon v. United States District Court for Central District of California*, 112 F.3d 386 (9th Cir. 1997), the Ninth Circuit Court of Appeals held that the limitation period may be equitably tolled if "extraordinary circumstances" beyond a prisoner's control render it impossible for him to file a timely petition. *Id*. at 391. We find no circumstances to warrant the tolling of the time in this case. While Mr. Joyner asserts attorney error as the reason he failed to file a timely petition, we find, as did the Arkansas appellate court, that he has not established this factually. To the contrary, the long

---

[1] When pursuing his motion for belated appeal in state court, Mr. Joyner claimed that he told his trial attorneys of his desire to appeal in a timely fashion. The Arkansas Supreme Court found Mr. Joyner did not establish that he timely advised counsel of his desire to appeal. The Arkansas Supreme Court noted that the trial attorneys stated they timely discussed the right to appeal with the petitioner and his mother but heard nothing from either of them until about eight months after the judgment was entered. (Docket entry no. 8, attachment 5).

period of time that passed after the conviction and before the motion for belated appeal supports the statements offered by the petitioner's trial attorneys.

In addition, the respondent contends that these grounds are not properly before this Court due to the petitioner's failure to adequately raise the grounds in state court, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny.

In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court: that is, if he was aware of the ground, but failed to pursue it to a final determination. The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure. *See, also, Clark v. Wood*, 823 F.2d l24l, l250-5l (8th Cir. l987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. l987). The *Wainwright v. Sykes* cause and prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (l986), and *Murray v. Carrier*, 477 U.S. 478 (l986).

With respect to cause, these cases explain that the Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray*, 477 U.S. 533-34. However, one can discern from these cases several circumstances in which cause might be found: first, where some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier*, 477 U.S. at 488; second, where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, *see Reed v. Ross*, 468 U.S. l (1984); or third, if the litigant failed to receive the effective assistance of counsel. *See Murray v. Carrier*, 477 U.S. at 488. In addition, there is one extraordinary circumstance where a federal habeas court may grant relief without a showing of cause: where a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Id.* at 496.

Mr. Joyner again argues that his attorneys failed him by not appealing the conviction. This argument is without merit for the reasons previously stated. In addition, "[a] claim of ineffective assistance of counsel must be presented to the state court as an independent claim before it may be used to establish cause for procedural default or denominated as a ground for habeas relief." *Leggins v. Lockhart*, 822 F.2d 764, 768 n.5 (8th Cir. l987). Mr. Joyner did not adequately present his claims of ineffective assistance in state court, and thus cannot overcome the procedural hurdle with this argument.

Finally, a petitioner may avoid the cause and prejudice analysis if he can demonstrate his actual innocence. The Supreme Court guides us in addressing such a claim:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995). The Court goes on to set the standard required of Mr. Joyner; he "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327. In this instance, Mr. Joyner generally claims his innocence but advances no new reliable evidence to support his claim. It is not sufficient to challenge the evidence upon which the conviction rested. The petitioner falls far short of establishing actual innocence.

In summary, we recommend the petition for writ of habeas corpus be dismissed and the relief denied due to the failure to file a timely petition and due to the procedural default of the petitioner.

IT IS SO ORDERED this  29  day of August, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

Mr. Joyner again argues that his attorneys failed him by not appealing the conviction. This argument is without merit for the reasons previously stated. In addition, "[a] claim of ineffective assistance of counsel must be presented to the state court as an independent claim before it may be used to establish cause for procedural default or denominated as a ground for habeas relief." *Leggins v. Lockhart*, 822 F.2d 764, 768 n.5 (8th Cir. l987). Mr. Joyner did not adequately present his claims of ineffective assistance in state court, and thus cannot overcome the procedural hurdle with this argument.

Finally, a petitioner may avoid the cause and prejudice analysis if he can demonstrate his actual innocence. The Supreme Court guides us in addressing such a claim:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995). The Court goes on to set the standard required of Mr. Joyner; he "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327. In this instance, Mr. Joyner generally claims his innocence but advances no new reliable evidence to support his claim. It is not sufficient to challenge the evidence upon which the conviction rested. The petitioner falls far short of establishing actual innocence.

In summary, we recommend the petition for writ of habeas corpus be dismissed and the relief denied due to the failure to file a timely petition and due to the procedural default of the petitioner.

IT IS SO ORDERED this  29  day of August, 2006.

_____
UNITED STATES MAGISTRATE JUDGE